By the Court. Emmet, J.
This action was brought to recover from the defendants an amount levied upon the property of the plaintiff under a warrant issued by the receiver of taxes, upon the ground that the premises were exempt from taxation, and that the defendants had received the amount collected.
When the subject matter of the present suit was before this court in the case of the present plaintiff against Jenkins, the decision against her was rested upon these grounds; first, that the exemption clause of the statute related to an incorporated seminary of learning, as well as to an incorporated academy; arid next, that the act of 1823, as amended by the act of 1825, was decisive against the plaintiff and that such act of 1825 was not repealed. (3 Sand. Sup. C. Rep. 409.)
The court of appeals have shown that, in the latter position, this court was mistaken, and that the act of 1825 was repealed.
Conceding the force of the reasoning of the learned judge in this court upon the construction of the act as it now stands, we cannot escape from the conclusion that the court of appeals have overruled it, and settled a different interpretation. It is true that such court decided the cause against the plaintiff upon a ground entirely distinct from this question, and that it was *529 unnecessary to have said a word upon the point. But that point was raised; was argued by the counsel; was elaborately discussed by the court, and seems to have been positively decided, We think we are warranted in saying that it was decided by the whole court, with the exception of one judge. The construction has then the sanction of the court, whether the whole of the reasoning of the presiding judge received their approval, or not.
II. The statute provides that every building erected for the use of a college, incorporated academy, or other seminary Of learning, shall be exempt from taxation. The first and most natural meaning of this phrase is, that the building was from the beginning designed for a seminary, and that this design continued throughout the period of its construction. In the present case it appears from the stipulation (all the clauses being considered together) that the building was probably first intended for private dwellings. But when the foundation only was laid, the agreement took place between the owner and the plaintiff^ and every portion of the building subsequently erected was constructed for the use, and adapted to the purposes of a seminary.
It is a reasonable construction of the clauses of the statute in question to hold, that this building, under these circumstances, is within it, that it was erected for the use of a seminary of learning. It would be perhaps an unreasonable construction to hold that an existing building used for other purposes, and then altered, could be exempt. We shall not attempt to define where the line of discrimination is to be found.
HI. The liability of the defendants to pay the money, if the legal defences stated in their answer are invalid, is fixed by their own admissions. The allegation of the complant is positive that several sums as collected by the constable were paid and delivered to the defendants. They omit to deny this allegation in every form. We cannot be bound to trace the destination of the money beyond this, nor to discuss the complicated relations which the chamberlain of the city bears to the city, the county, and the state. That officer is the officer of the city to some extent, at least, in regard to the moneys raised by taxes. If the portions of what he received can be severed and traced, *530 the defendants have released the plaintiff from doing so and have assumed that task themselves.
Judgment must he entered upon the verdict for the plaintiffs, The counsel of the parties, we understand, have agreed to adjust the amount,