Freedman, J.
This action was brought to have a certain tax assessed for the year 1882, upon a certain lot :and building of the plaintiff in the city of New York, adjudged void, to have the lien created thereby removed as a cloud upon plaintiff’s title, and to perpetually restrain the defendants from collecting the tax. The tax is valid upon its face, and constitutes an apparent lien, hut the plaintiff contends that, at the time of the assessment of the tax, the premises in question were exempt by law from taxation, by reason of their ownership and use.
The evidence shows that at the time in question the plaintiff was a Roman Catholic church ; that the deed to the premises stood in the name of James J. Dougherty, the pastor of the church, with the knowledge and consent of the archbishop; that it was actually in the custody of the archbishop; that the money paid for the premises had been advanced by and on behalf of the ■church; that the premises were used as a parochial school of the Roman Catholic church under the direction ■of said Dougherty, and under the immediate management of certain sisters of the church; and that, upon the incorporation of the plaintiff in 1885, a deed of the premises from Dougherty to the plaintiff was executed. The children taught at said school were girls of the parish of St. Monica-, between the ages of 5 and 16 years, ;and they were taught the common branches of education free of any charge. The school was supported entirely by voluntary contributions.
*163 Upon this state of facts the plaintiff claims that the premises were and are exempt from taxation under the .statute exempting schoolhouses.
The learned counsel for the defendants, on the other hand, contends that the said statute does not apply, because the Court of Appeals in Chegaray v. The Mayor, &c. of N. Y., 13 N. Y. 220, held that the schoolhouse referred to in the statute, is the schoolhouse of the public ■common schools, by which the Court of Appeals must ■have meant the schools maintained by the public authorities.
The statute referred to by the Court of Appeals in the •case cited, consisted of the Rev. Stat. Part 1, ch. XIII, Title 1, section 4, subdivision 3, which read as follows :
“ § 4. The following property shall be exempt from taxation:
“1,.....
“2-,....._
“3., Every building erected for the use of a college, incorporated academy, or other seminary of learning; every building for public worship; every schoolhouse, •courthouse and jail; and the several lots whereon such buildings are situated, and the furniture belonging to each of them.”
The history of the case of Chegaray v. The Mayor Ac., is as follows:
The premises of the plaintiff, Madame Chegaray, were kept by the plaintiff as a young ladies’ boarding and day school, in the city of New York, and a portion of the pupils were lodged and boarded in the building. It was :a private school established and carried on for private •gain. The premises were taxed by the authorities of the city, and, upon the plaintiff’s refusal to pay the taxes, her personal property was seized for the payment thereof by one Jenkins, who was a constable and acted under and by virtue of a warrant issued to him by the receiver of taxes for the city and county of New York. ■She thereupon brought an action against the officer for *164 an alleged wrongful taking of the property, and in said, action claimed that her premises were exempt from taxation under the statute above quoted.on the ground that, the building had been erected for the use of a “ seminary of learning.” The trial took place in October-1849, and resulted in a judgment for the plaintiff. The-general term reversed the judgment and directed judgment for the defendant. Upon plaintiffs’ appeal to the Court of Appeals (Chegaray v. Jenkins, 5 N. Y. 376), it was said by Rugoles, Ch. J., that the school kept by the plaintiff was a seminary of learning which was not required to be incorporated; and that even if it had been only a school, it was exempt, because under the statute-every schoolhouse was exempted from taxation, whether-the school was incorporated or not, and that it made no-difference whether the school was a public common school or a private school, and as such, the private property of a single individual. He was of opinion, however, and voted for the affirmance of the judgment on. the ground that, as the warrant was in due form of law, the defendant, as aii officer, was protected by it. Foot, J., placed his concurrence on the ground that the plaintiff was not an incorporated association. The views of the other judges do not appear from the report. The-final result was that the judgment was affirmed.
Madame Chegaray thereupon brought another action against The Mayor &c., of the city of New York; to recover, as unlawfully assessed, the amount of the taxes-, which Jenkins had collected, and which the complaint alleged he had paid over to the defendants. In that, action the general term gave judgment for the plaintiff, on the ground that her school was a “ seminary of learning,” and for that reason exempt (2 Duer, 521). Upon, defendants’ appeal to the Court of Appeals the counsel for the plaintiff, as appears from his points, rested the claim to exemption upon the sole ground that plaintiff’s, building had been erected for the use of "a seminary of learning. This claim, the Court of Appeals, in 13 N. Y. *165 220, held to be untenable. In disposing of it, Hand, J., in delivering the opinion of the court, said:
“ It is evident that it was intended to exempt only property nsed by the public for the purposes of education, or which belonged to a corporation created for the advancement of learning, and thereby devoted to educational purposes. And, it may be remarked, that it is not the college, academy or seminary that is exempt, but ‘ every building erected for the use ’ of these institutions, thereby implying that the words i college ’ and 6 seminary,’ as well as ‘ incorporated academy.,’ were here used to express some legal entity. And this is the only reasonable construction. By that contended for by the plaintiff, any person might build a school-room and establish a private school in his house, and thereby ■exempt the building and the lot from taxation; and, by liberal construction, every house in which a private boarding-school should be kept Avould be exempt. The :school in question appears to be a laudable private ■enterprise; and I should regret A7ery much that our decision should discourage such commendable efforts; but the meaning of the act appears to be plain, and that must control. The case of Chegaray v. Jenkins (5 N. Y., 376) was decided entirely upon another ground, and Avhat was there said by one of the judges on the question now before us was wholly obiter and formed no part of the judgment.”
All the judges, except Gardiner, C. J., who took no part in the decision, concurred in this disposition of the case, and the reversal of the judgment proceeded exclusively upon the ground that the statute had no application to a private seminary of learning owned by a single individual.
This examination clearly shows that the court was not called upon to construe or interpret the words “every school-house” contained in the statute, and that no such question was before the court for determination. "When, therefore, Hand, J., in the introductory part of *166 his opinion, said: “ The property, however, is not exempt from the payment of taxes. Not as a ‘ schoolhouse,’ for the use of that word is familiar in this state, and its meaning in our school laws cannot well be mistaken, and we cannot suppose it was here used in a different sense. It is the building provided for the use of our public common schools,”—his remarks thus made were as much obiter as the remarks of Ruggles, Ch. J.,. in 5 N. Y. 376.
Moreover, the remarks made by Hand, J., concerning; school buildings, were made exclusively with reference to the 4th section of the statute as it stood by itself at the time of the commencement of the action by Madame Chegaray, and as that is a fact which cannot be controverted, it follows that, even if the said remarks constitute a decision, the remark made by Peckham, J., in the case of The Association for the benefit of Colored. Orphans v. The Mayor &c. of N. Y., 104 N. Y 581, as to what was decided in Chegaray v. The Mayor, 13 N. Y.. 220, concerning the meaning of the word “ school-house,” can have no greater weight than the decision itself. ■
Under these circumstances, I not only am at liberty,, but it is my duty to proceed and to examine how far-other statutes affect the question now under consideration.
Under the third section of chapter 262 of the Laws of 1823 (p. 391) all schoolhouses within the state and the-lots on which they stood were exempt from taxation.
By the third section of the Laws of 1825 (p. 123 ), it was provided that “the exemption from taxation of .....any school, under and by virtue of the third section of the said act of the 23d of April, 1823, entitled' ‘ an act for the assessment and collection of taxes,’ shall not extend or apply to any such buildings or premises; in the said city (viz.: the city of New York), unless, the same shall be exclusively used for such purposes, and exclusively the property of a religious society, or the New York Free School Society.”
*167 The act of 1823. and all acts amending the same, were' repealed by the 398th section of the general repealing-act contained in 3 Rev. Stat. 1st ed., p. 147. This-, repeal, as held by Euggles, Ch. J., in Chegaray v. Jenkins, carried with it the repeal of the 3d section of the-act of 1825.
The consequence was, that under the Eevised Statutes'of 1830, and at the time Madame Chegaray’s cause of action accrued, and up to the passage of ch. 282 of the Laws of 1852, the 3d subdivision of § 4 of title 1, ch., 12 of part 1 of the Eevised Statutes, was the only provision of law which regulated the exemption of schoolhouses and of the lots on which they stood.
In 1852 it was provided by ch. 282 of the Laws of that year (p. 417), as follows: “ The exemption from taxation of every building for public worship, and every school-house or other seminary of learning, under the-provisions of subdivision 3 of § 4, title 1, ch. 13, of part 1 of the Eevised Statutes, or amendments thereof, shall not apply to any such building or premises in the city of New York, unless the same shall be exclusively used for such purposes, and exclusively the property of a religious society, or of the New York Public School Society.”
The act to consolidate into one act and to declare the special and local laws affecting public interests in the city of New York, being ch. 410 of the Laws of 1882, made no abridgement in the exemptions prescribed by the Eevised Statutes. Section 824 of said act provides that certain property, specifically mentioned therein,, shall be exempt from all taxation, in addition to any which may be exempt by virtue of general laws, and. section 827 is a re-enactment of the act of 1852, above-set forth, with the single exception that the concluding-words, “ or of the New York Public School Society,” are omitted.
Pursuant to section 2143 of the said Consolidation Act, as it stood in 1882, and prior to the amendment by ch.- *168 276 of the Laws of 1883, the said act was to take effect ■on March 1, 1883, but for the purpose of determining the effect of said act upon other acts, except .the Penal ■Code, and the effect of other acts, except the Penal 'Code, upon the said act, the act was to be deemed to have been enacted on January 1, 1882.
The question of exemption, in the case at bar, must be ■determined with reference to the law as it stood in 1882, •and the state of the law in that year, as already shown, was identical with the state of the law under the 3d subdivision of § 4 of title 1, ch. 13, of part 1 of the Revised Statutes and the Act of 1852, taken together, with fhe single exception presented by the omission of the words, “ or of the New York School Society,” which ■omission is undoubtedly due to the fact .that the said society had ceased to exist in 1853.
Having now ascertained the precise state of the law in the^year 1882, the next step in order is to ascertain, so far as necessary for the proper determination of the question in controversy, the true meaning of the law as it then ■stood. Here two propositions present themselves -for ■construction. The first is that every school-house and the lot whereon it is situated, shall be exempt from taxation. The second is that the exemption shall not apply to any such building or premises in the city of New York, unless the same shall be exclusively used for school purposes and exclusively the property of a religious sociéty. When these two propositions are construed together, the second operates as a limitation upon the ■first. As a necessary consequence the subject of the limitation contained in the second, must be included in the first. At the same timé, the implication necessarily arises that whenever in a case in the city of New York, the conditions specified in the second are met, the exemption specified in the first shall attach. The only ■conditions specified in the second proposition, are that the school-house and premises shall be exclusively used for school purposes and shall be exclusively the property *169 ■of a religious society. No further condition can he imposed by the courts. Nor can either of the conditions specified be imposed, unless the school-house upon which it is to be imposed, belongs to the class comprised within the words, “ every school-house.” The most that can be required is that both conditions shall be concurrently imposed. Such a construction would exclude, rather than include, the public school buildings and premises under the care and control of the Board of Education in the city of New York. Their exemption from taxation is probably secured by other provisions, because the said board is, as has been shown in Donovan v. The Board of Education, 44 Super. Ct. 53, a governmental agency, .created by the sovereign power of the state for the purposes of public education in the city of New York, and because the title to all school property under its care and control is by express statute (Laws 1853, ch. 301, § 14; Consolidation Act, § 1029), vested in the Mayor, Aldermen and Commonalty of the city of New York. But if the exemption of the school-houses and premises under the care and control of said board, were resting solely upon the two propositions now under examination, it could not be made out, except by holding that after all, the true intention of the legislature was that the two conditions of the second proposition should be applied disjunctively, and not conjunctively, and that the word “ and ” which stands between them, should be considered to meán “ or.” It is not necessary, however, to pursue that inquiry any farther, because, as will presently be shown, the plaintiff in the- case at bar has satisfied both conditions. Suffice it to say that it has thus been clearly demonstrated that the words “every school-house,” in their application to the schoolhouses contained in the city of New York, must be held to include at least the school-houses owned by religious societies. Any other construction would render both the act of 1852 and § 827 of the Consolidation Act wholly superfluous and meaningless, as to school-houses.
*170 Upon the evidence it is established beyond doubt that-during the whole of the year 1882, the plaintiff was a religious society. But in this connection, the point is-raised that, inasmuch as the plaintiff did not become-incorporated until 1885, it cannot have the benefit of the statute. In my judgment the subsequent incorporartion is an entirely immaterial fact upon this point.. Under subdivision 3 of § 4, Title 1., Ch. 13, of Part 1 of the Revised Statutes, it is necessary, as has been held by the Court of Appeals, for a college, academy or other-seminary of learning, to be incorporated. But no such requirement can be attached to the words “ every schoolhouse.” Neither the clauses of the said subdivision considered separately, nor the subdivision considered as a whole, admit of any such interpretation. Even the-punctuation is an argument against such interpretation.. Nor can the word “ incorporated ” be imported into the-Act of 1852 or into § 827 of the Consolidation Act, without the violation of well settled rules of construction and-interpretation. So in the case of the Hebrew Free-School Association v. The Mayor, etc., of N. Y., 4 Hun,. 446, it was expressly held that under the Act of 1852,. incorporation was not necessary.
For the reasons stated, the fact that the plaintiff during the year 1882, was not incorporated, cannot defeat-the action. So it can make no difference that the deed' stood in the name of the pastor of the church, for the-evidence establishes that that is a common transactioni in such cases in the Roman Catholic church. The money paid for the building and premises was the money of the church, and the pastor never claimed any personal benefit from or under the deed. Nor can it make any difference that the deed was not received by the pastor until February, 1882. The contract for the purchase was made in December, 1881, and the fitting up for school purposes, took place before the commencement of the-year 1882. Moreover, the books for the correction of errors in the assessment of taxes for the year 1882 were; *171 closed upon the first day of May, 1882, and the character of the property in question for the purposes of taxation became fixed on that day. Upon all the facts the schoolhouse and lot in question were, for the purposes of the present case, in equity and within the principle of the decision in 4 Hun, 446, as much the exclusive property of the church of St. Monica during the year 1882, as they would have been if the church had been incorporated, and the deed had stood in its name, from the first of January of that year. In the case last referred to, the Hebrew Free School Association did not own the fee, nor did it possess an equitable title to the land. It owned the building, but as to the land it had only a. leasehold interest in it, with the privilege of a renewal of the lease, and the duty of paying all taxes and assessments. Notwithstanding all this, it was held to be the exclusive owner of the land and the building, within the meaning of the Act of 1852.
It still remains to be considered whether the schoolhouse and premises in question were used exclusively for school purposes. The land involved consists only of a lot 19 feet 6 inches in width and about 102 feet in depth, and on that the building stands. The building-had, prior to 1882, been fitted up for school purposes, and during the whole of that year it was in use as a school. Every floor was in actual use for the purpose of furnishing instruction to pupils, free of charge, except that the top floor was occupied and used by some sisters of the church, as a residence. But as the sisters thus residing there, had the immediate management of the school, and resided on the premises only on that account, and as their residence did not constitute a source of revenue or profit to the plaintiff, the top floor may be fairly said to have been as much devoted to a school purpose as the other floors were. Upon all the facts, the whole building and the entire premises, were used exclusively for school purposes within the meaning of the statute.
It thus having been shown that, in 1882, the building *172 and lot in question were exclusively used for school purposes, and exclusively the property of a religious society, represented by the plaintiff in this action, within the nfeaning of the statute, it follows, as was held in 4 Hun, 446, that the tax for that year which was imposed upon the said building and lot, was imposed without jurisdiction, upon property exempt by law, and that the omission of the plaintiff to appear before the Commissioners of Taxes and to object, did not give validity •to the assessment.
Besides the cases mentioned by me in this opinion, there were others upon the briefs of the counsel for the respective parties. They were all examined with care, but no specific reference to them made by me, because •they do not bear with sufficient directness upon the questions discussed.
The plaintiff is entitled to judgment, as prayed for in vthe complaint, with costs.